IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DIANE ROSS,

    Plaintiff,

v.                                        CASE NO.  1:15-cv-16-RS-GRJ

THE UNIVERSITY OF FLORIDA
BOARD OF TRUSTEES,

    Defendant.
_____/

## ORDER

Before me are Defendant University of Florida Board of Trustees' Amended Motion to Dismiss Plaintiff's Complaint and Demand for Jury Trial for Failure to State a Claim on Which Relief Can be Granted (Doc. 7), and Plaintiff's Response in Opposition (Doc. 8).

To overcome a motion to dismiss, a plaintiff must allege sufficient facts to state a claim for relief that is plausible on its face.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint.  *Hishon v. King & Spalding,* 467 U.S. 69, 104 S. Ct. 2229, 2232 (1984). Plaintiff filed a two-count complaint in the Circuit Court of Alachua County, Florida alleging claims that arise under 29

1

U.S.C. § 612-(a)(1)(d). On February 3, 2015, Defendant timely removed this case to the United States District Court for the Northern District of Florida.

The Eleventh Circuit has held that "a state waives its immunity from a federal forum when it removes a case, which voluntarily invokes the jurisdiction of that federal forum." *Stroud v. McIntosh*, 722 F.3d 1294, 1302 (11th Cir. 2013). Nevertheless, a state does not waive "any defense it would have enjoyed in state court—including immunity from liability for particular claims." *Id.* Defendant University of Florida Board of Trustees is an agency or subdivision of the State of Florida. § 768.28(2), Fla. Stat. (2014). Neither the state of Florida nor the federal Congress has validly waived the state's sovereign immunity for claims brought under 29 U.S.C. §2612-(a)(1)(d) of the FMLA. *Coleman v. Court of Appeals of Maryland,* 132 S. Ct. 1327 (2012); §768.28(2), Fla. Stat. (2014); *Hill v. Department of Corrections,* 513 So. 2d 129, 133 (Fla. 1987). Accordingly, Defendant is immune to suit in this action, and Plaintiff has stated a claim for which no relief can be granted.

Therefore, the relief requested in Defendant University of Florida Board of Trustees' Amended Motion to Dismiss Plaintiff's Complaint and Demand for Jury Trial for Failure to State a Claim on Which Relief Can be Granted (Doc. 7) is **GRANTED.** This case is **dismissed with prejudice**.

**ORDERED** on March 9, 2015.

            <u>**/s/ Richard Smoak**</u>
            **RICHARD SMOAK**
            **UNITED STATES DISTRICT JUDGE**